UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 510 BORROWER, LLC,<br><br>         Plaintiff,<br><br>     v.<br><br>MEATBALLOBSESSION, LLC and STEVEN R. BURNS,<br><br>         Defendants. | Index No. 19-3560<br><br>**COMPLAINT** |

Plaintiff 510 Borrower LLC ("Landlord") alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Defendant Meatballobsession, LLC ("Tenant") for breach of a lease dated October 31, 2011 (the "Lease") and against Steven R. Burns ("Guarantor"), a guarantor on the Lease.

## PARTIES

2. Landlord is a Limited Liability Company that was incorporated in Delaware and has its principal place of business in New York County.

3. Tenant is a Limited Liability Company that was incorporated in New Jersey and has its principal place of business in New Jersey.

4. Guarantor is an individual who resides in New Jersey.

## JURISDICTION AND VENUE

5. Jurisdiction lies in this Court under 28 U.S.C. § 1332 by reason of the diversity of citizenship. The amount in controversy is in excess of $75,000.

6. This action arises out of a lease of real property located at 510 Avenue of the Americas in New York County. Accordingly, venue is proper in this district under 28 U.S.C. § 1391 inasmuch as the cause of action arises here. In addition, Defendants have consented to the venue and jurisdiction in New York County in Section 37.8 of the Lease.

## FACTUAL ALLEGATIONS

7. On or about October 31, 2011, Landlord and Tenant entered into the Lease.

8. Guarantor executed a Guaranty in which Guarantor guaranteed Tenant's obligations under the Lease.

9. Pursuant to the Lease, Tenant agreed to lease certain premises located at 510 Avenue of the Americas in New York County (the "Premises").

10. Thereafter, Tenant occupied the Premises.

11. On June 2, 2018, Tenant informally notified Landlord by email that Tenant would be vacating the Premises.

12. Tenant attributed its decision to vacate the premises to flagging sales.

13. Tenant never claimed either orally or in writing that Landlord was in breach of the Lease.

14. As of June 2, 2018, Tenant owed overdue rent of $199,997.50 (and had not yet paid its rent for June 2018).

15. Tenant repeatedly assured Landlord both in writing and orally that Tenant would pay the overdue rent and additional amounts owing pursuant to the Lease.

16. Despite these promises, Tenant failed to make any payments after vacating the Premises.

17. To mitigate its damages, Landlord sought a new tenant, who took possession of the Premises on February 21, 2019.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST TENANT)

18. Landlord hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

19. Tenant owes in excess of $300,000 in Rent and Additional Rent pursuant to the terms of the Lease.

20. In addition, Tenant owes unamortized costs of $20,906.87 pursuant to the terms of the Lease.

21. Accordingly, Tenant owes a total of in excess of $290,000 (after application of Tenant's security deposit), plus interest theron at the statutory rate and attorneys' fees incurred by Landlord in this action.

## SECOND CAUSE OF ACTION
## (BREACH OF GUARANTY AGAINST GUARANTOR)

22. Landlord hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

23. The Guaranty provides that Guarantor "hereby guarantees to Landlord, its successors and assigns, the full and prompt payment when due of all Basic Rent and Additional Rent and any and all other sums and charges payable by Tenant under the Lease."

24. Guarantor failed to pay amounts owed pursuant to the Guaranty.

25. Pursuant to the Guaranty, Guarantor owes Landlord in excess of $290,000 plus interest thereon at the statutory rate and attorneys' fees incurred by Landlord in this action.

WHEREFORE, Landlord demands judgment against Defendants as follows:

a. On the First Cause of Action, that Tenant be held liable for damages in excess $290,000, plus interest theron at the statutory rate and attorneys' fees incurred by Landlord in this action; and

b. On the Second Cause of Action that Guarantor be held liable for damages in excess $290,000, plus interest theron at the statutory rate and attorneys' fees incurred by Landlord in this action.

c. For such other and further relief as the Court may deem just, necessary and appropriate.

Dated:  New York, New York
        April 22, 2019

LAW OFFICES OF ERIC J. GRANNIS

By: *Eric Grannis*
    Eric J. Grannis
11 Broadway, Ste. 615
New York, New York 10004
(212) 903-1025